**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ROBERT TEDONE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT,<br><br>　　　　　Defendant. | Case No. 2:20-cv-02197-KJD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Robert Tedone's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Tedone's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Tedone's filings present two questions: (1) whether Tedone may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Tedone's complaint states a plausible claim for relief.

**I.  Whether Tedone May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages, that he receives $836 per month in Social

Security benefits, and that he has about $525 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II.      Whether Tedone's Complaint States a Plausible Claim

### a.  Legal Standard

Because the Court grants Tedone's application to proceed *in forma pauperis*, it must review Tedone's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress.  *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016).

The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004).

### b. Plaintiff's Complaint

Tedone brings claims against the United States Government pursuant to the Federal Tort Claims Act (FTCA) because the government offered him government housing in a high crime neighborhood. (ECF No. 1-1 at 22). It appears that Tedone declined the public housing and did not move into the allegedly unsafe government housing: he seeks damages, "calculated as the difference between the rent [he] paid in an inflated market, and the rent [he] would have paid in the Program." *Id.* The FTCA, a limited waiver of the United States's sovereign immunity, permits persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court. 28 U.S.C.S. § 1346. The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury. 28 U.S.C.S. § 2675(a); 28 C.F.R. § 14.2(b). Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction. *Munns v. Kerry*, 782 F.3d 402, 406 (9th Cir. 2015)

Plaintiff does not allege that he exhausted his remedies, as required by the FTCA, prior to bringing this suit, thus this Court does not have jurisdiction to hear this case. This Court lacks subject matter jurisdiction and the Court dismisses this case. Fed. R. Civ. P. 12(h)(3); *Cat Diversified Promotions, Inc. v. Musick,* 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). Even if plaintiff could show that he exhausted his

remedies, plaintiff has not stated a plausible claim because he has not been injured. Plaintiff admits that he voluntarily declined the offer of public housing based on his own assessment that the housing was unsafe. To establish U.S. Const. art. III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). An injury sufficient to satisfy U.S. Const. art. III must be concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id.* Plaintiff has not stated a concrete injury because he declined to live in the government housing he complains about, and his allegations that the government housing is in a dangerous neighborhood that would have exposed him to violence is hypothetical. The Court will give the plaintiff one opportunity to amend his complaint to address these deficiencies.

ACCORDINGLY,

IT IS ORDERED that Tedone's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Tedone's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Tedone has until Wednesday, February 10, 2021 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on

the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 11th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5