# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBERT TEDONE,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT,<br><br>          Defendant. | Case No. 2:20-cv-02197-KJD-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>Amended Complaint (ECF No. 7) |

Before the Court are pro se plaintiff Robert Tedone's amended complaint (ECF No. 7). The Court recommends that plaintiff's amended complaint be dismissed.

## DISCUSSION

The Court previously dismissed plaintiff's complaint without prejudice for lack of subject matter jurisdiction. (ECF No. 3). Tedone brought, "claims against the United States Government pursuant to the Federal Tort Claims Act (FTCA) because the government offered him government housing in a high crime neighborhood." (*Id*.) "Tedone declined the public housing and did not move into the allegedly unsafe government housing" and Tedone sought damages (*Id*.) The Court noted that the FTCA, a limited waiver of the United States' sovereign immunity, permits persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court. 28 U.S.C.S. § 1346. The Court also noted that the FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury. 28 U.S.C.S. § 2675(a); 28 C.F.R. § 14.2(b).

The Court dismissed his complaint for lack of subject matter jurisdiction because he did not allege that he exhausted his remedies, as required by the FTCA, prior to bringing this suit, thus this Court does not have jurisdiction to hear this case. The Court also held that he had not stated a plausible claim because he has not been injured, since plaintiff admitted that he voluntarily declined the offer of public housing based on his own assessment that the housing was unsafe. The Court gave plaintiff leave to amend.

In the plaintiff's amended complaint, he brings three claims for negligence (failure to exercise due care) against the sole defendant (the United States Government) in violation of the FTCA. (ECF No. 7). Plaintiff alleges that the United States, through agencies the Department of Housing (HUD) and the Southern Nevada Regional Housing Authority (SNRHA)[1], "committed negligent and wrongful acts and omissions" when it purchased Sherman Gardens (the property he alleges is "indecent" and "unsafe"). (*Id.*) Plaintiff alleges that he exhausted his administrative remedies when he mailed a letter to the SNRHA and requested an informal review regarding whether he could obtain safe public housing given that he rejected its offer for him to move into Sherman Gardens based on news reports he read regarding the safety of Sherman Gardens. (*Id.*) For example, the plaintiff cites to reports from the Review Journal regarding shootings and violent incidents at Sherman Gardens. (*Id.*) Plaintiff alleges that he has been injured, even though he did not move into Sherman Gardens, because when he declined hosing at Sherman Gardens, SNRHA removed him from the waiting list for other housing in violation of HUD regulations. (*Id.*)

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). See also *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000). The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., provides a

---

[1] SNRHA is not a federal agency.

2

limited waiver of sovereign immunity. The FTCA is the exclusive remedy for monetary damages from the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). 28 U.S.C. § 2401(b) provides: A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." The claim-presentation requirement is "'jurisdictional in nature and may not be waived." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

HUD promulgates regulations in 24 C.F.R. § 982. HUD allows local agencies like SNRHA to implement housing programs according to their own systems and local preferences. 24 C.F.R. § 982.551(h)(2). HUD regulations specifically provide "[a]n applicant does not have any right or entitlement to be listed on [a local public housing authority, like SNRHA] waiting list, to any particular position on the waiting list, or to admission to the programs." 24 C.F.R. § 982.202(c). Local public housing authorities are permitted to establish preferences designed to meet the needs of their local areas. 24 C.F.R. § 982.207(a). Local agencies also determine when to open or to close their waiting lists. 24 C.F.R. § 982.206. Courts have concluded that when a housing authority either fails to place an individual on a waiting list or does not accord an individual a preferential place on the waiting list, it does not give rise to a cause of action. See *Emrit v. Marion Cty. Hous. Auth. (MCRA)*, No. 3:16-CV-01854-BR, 2017 U.S. Dist. LEXIS 25897, at 8 (D. Or. Feb. 23, 2017)(Concluding that plaintiff could not bring a claim regarding his waiting list placement because HUD regulations specifically provide applicants do not have, "any right or entitlement…to any particular position on the waiting list" and "discretion is reserved to the [public housing authority] to determine whether and where to place an

3

applicant on the waiting list."); see also *Castro v. City Housing Authority* 2010 U.S. Dist. LEXIS 44865 at 5 (Court denied the plaintiff's motion for an injunction noting HUD regulations do not provide applicants with the right to a particular position on the waiting list).

Although plaintiff alleges he sent a letter to the SNRHA requesting an informal review, he does not allege in his amended complaint that he filed an administrative tort claim with HUD or that HUD denied an administrative tort claim in writing. The Court concludes that plaintiff has not plausibly alleged that he exhausted his administrative remedies under the FTCA. The Court lacks jurisdiction over plaintiff's claims against U.S. government for negligence. Plaintiff has also failed to state a claim against the United States government related to his removal from the waiting list when he declined to move into Sherman Gardens because federal regulations specifically provide that applicants do not have any right or entitlement to a position on a waiting list for public housing. The Court recommends that plaintiff's negligence claims against the government for negligence be dismissed.

ACCORDINGLY,

IT IS RECOMMENDED that that this action be DISMISSED and Judgment entered, accordingly.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 26th day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE