UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT TEDONE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES GOVERNMENT,<br><br>　　　　　　　　　　Defendant. | Case No. 2:20-cv-02197-KJD-VCF<br><br>**ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

　　　　Before the Court for consideration is the Report and Recommendation (ECF #10) containing the findings and recommendations of Magistrate Judge Cam Ferenbach entered May 26, 2021, recommending that Plaintiff's action be dismissed. Plaintiff Robert Tedone ("Tedone") objected to the recommendation on June 9, 2021 (ECF #11). Judge Ferenbach recommends dismissal for two reasons. First, Tedone cannot establish that jurisdiction exists because his amended complaint does not plausibly allege that he exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"). Second, Tedone failed to state a claim against the United States government for being removed from the housing wait list because federal regulations specifically provide that applicants do not have any right or entitlement to a position on a waiting list for public housing. Tedone argues that he properly exhausted his remedies prior to filing his initial complaint. Tedone states that he emailed an administrative complaint with the Department of Housing and Urban Development ("HUD") against two employees of the Southern Nevada Regional Housing Authority ("SNRHA"). The amended complaint states that Tedone filed a complaint with the HUD Office of Fair Housing & Equal Opportunity in July 2018. HUD then referred Tedone to the HUD Office of Public Housing and he called them to "continue [his] administrative complaint." (ECF #11, at 1).

　　　　While the Court does not agree that Tedone failed to allege that he exhausted his

remedies, the Court agrees that Tedone has failed to state a claim. The federal regulations make it clear that Tedone "does not have any right or entitlement to be listed on the [] waiting list, to any particular position on the waiting list, or to admission to the programs." 24 C.F.R. § 982.202(c). Removing Tedone from a waiting list that he had no entitlement to be a part of does not equal negligence. Tedone's alleged damage is the increase in rent that he paid after he refused the housing option offered to him. Without entitlement to the waiting list or subsidized housing, the rent Tedone chose to pay does not constitute the element of damage required for negligence and SNRHA owed him no duty to keep him on the waiting list. Therefore, Tedone's claims that SNRHA was negligent when it removed him from the waiting list because he refused a housing option fails to state a claim.

The Court has conducted a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Report and Recommendations containing the findings and recommendations of Magistrate Judge Ferenbach, entered May 26, 2021, should be **adopted** and **affirmed** in part.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (ECF #10) is **ADOPTED** and **AFFIRMED** in part and Plaintiff's case is **DISMISSED without prejudice**.

Dated this 5th day of October, 2021.

                                                    Kent J. Dawson
                                                  United States District Judge